**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

**ANGEL L. COLON-PADILLA,**

     Plaintiff,

         v.                               CIV. NO. 14-1718 (PG)

**PEDRO RODRIGUEZ-ALVARADO, ET ALS.,**

     Defendants.

<u>OPINION AND ORDER</u>

    On September 22, 2014, plaintiff Angel L. Colon-Padilla ("Colon" or "Plaintiff") filed the above-captioned claim against several correctional officers for violations to his constitutional rights. <u>See</u> Docket No. 2. At the outset, Colon moved to proceed *in forma pauperis* (Docket No. 1) and this court granted his request (Docket No. 5). The Plaintiff, an inmate in a state institution, describes an incident where some correctional officers allegedly used excessive force against him and treated him inhumanely. <u>See</u> Docket No. 2. He thus seeks to recover for the physical and emotional damages suffered as a result. In his petition form, Colon states that he filed a grievance and a request for reconsideration, and that an investigation is allegedly still in course. <u>See</u> Docket No. 2 at pages 3, 9. However, the Plaintiff complains that he still ignores the result of these requests. <u>See</u> <u>id.</u> at page 9.

    After a thorough review of the complaint, the court *sua sponte* dismisses the Plaintiff's claims without prejudice.

**I. DISCUSSION**

**A. Exhaustion of Administrative Remedies**

    Pursuant to the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PRLA's exhaustion requirement applies to "all inmate suits about prison life, whether they involve general circumstances, or particular episodes, and whether they allege excessive force or some other wrong." <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002).

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to

              this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

Id. at 524-525 (citations and quotations omitted).

    The prisoner must exhaust administrative remedies even if the administrative procedures "would appear to be futile at providing the kind of remedy sought." Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002). In fact, even if the plaintiff seeks monetary relief which the prison administrative process does not encompass, the inmate is still not excused from completing the prison administrative process. See Lopez-Vigo v. Puerto Rico, No. 13-1071, 2014 WL 495721, at *3 (D.P.R. February 06, 2014) (citing Booth v. Churner, 532 U.S. 731 (2001)); see also Woodford v. Ngo, 548 U.S. 81, 85 (2006). Although not jurisdictional, the exhaustion requirement is nonetheless mandatory. See Casanova v. Dubois, 289 F.3d 142, 147 (1st Cir. 2002)(citing Curry v. Scott, 249 F.3d 493, 501 n. 2 (6th Cir. 2001)).

    The applicable administrative remedies are defined not by the PLRA, but by the prison grievance process itself. See Tomassini v. Correctional Health Services Corp., No. 09-2059, 2012 WL 1601528, at *1 (D.P.R. May 07, 2012) (citing Jones v. Bock, 549 U.S. 199, 218 (2007)). The Puerto Rico Department of Corrections (PRDOC) has adopted administrative rules and regulations for the application and review of requests for administrative remedies by incarcerated inmates. See Torres Garcia v. Puerto Rico, 402 F.Supp.2d 373, 379 (D.P.R. 2005). The PRDOC has promulgated the Regulation to Address the Applications for Administrative Remedies Filed by Members of the Correctional Population, setting forth the grievance procedures for inmates under their custody. See Regulation No. 8145 of January 19, 2012; see also Cruz-Berrios v. Oliver-Baez, 792 F.Supp.2d 224, 228-229 (D.P.R. 2011) for a detailed description of the proceeding set forth in Regulation No. 8145.

    Pursuant to the Uniform Administrative Procedure Act ("UAPA"), "[a]ny party which is adversely affected by a final order or resolution of an agency and who has exhausted all of the remedies provided by the agency or by the corresponding administrative appellate body may file a petition for review before the Court of Appeals," P.R. LAWS ANN. tit. 3, § 2172, within a specified

term. The UAPA also provides that "[t]he judicial review provided herein shall be the **exclusive** proceeding to review the merits of an administrative decision submitted under this chapter, whether adjudicative or informal in nature." P.R. Laws Ann. tit. 3, § 2172 (emphasis ours).

By way of omission, Plaintiff admits in his complaint to not having exhausted all administrative remedies. That is, by simply stating that he filed a grievance and a request for reconsideration, and nothing more, he concedes to not having finalized the required process as described above. It appears from a simple reading of the complaint that the Plaintiff's request for administrative remedies within the relevant agency, to wit, the Commonwealth's Administration of Corrections, is still in process. Alternatively, it does not stem from the pleadings that Colon sought the appropriate judicial review as required by local law.

**B. *Sua Sponte* Dismissal**

The PLRA "includes several provisions which grant this Court the authority to screen and dismiss prisoner complaints." Aldrich v. U.S., No. 13-12085-NMG, 2013 WL 6196002, at *4 (D.Mass. November 22, 2013) (citing 28 U.S.C. § 1915 (proceedings *in forma pauperis*); 28 U.S.C. § 1915A (screening of suits against governmental officers and entities)).

Upon authorization for the commencement of a suit without prepayment of fees (proceedings *in forma pauperis*) under 28 U.S.C. § 1915, a federal court may dismiss the case at any time if it determines that the action is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(ii) and (iii). "*In forma pauperis* complaints may be dismissed *sua sponte* and without notice under section 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless." Aldrich, 2013 WL 6196002 at *4 n. 8 (citing Neitzke v. Williams, 490 U.S. 319, 327-328 (1989); Denton v. Hernandez, 504 U.S. 25, 32-33 (1992)).

On the other hand, Section 1915A encourages courts to review as soon as practicable a civil action in which a prisoner seeks redress from a governmental entity or officer. See 28 U.S.C. § 1915A(a). Upon screening, a court shall dismiss the action if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks relief from a defendant immune from such relief. See 28 U.S.C. § 1915A(b). During this

preliminary screening, a court must keep in mind that pro se pleadings are to be liberally construed. See Voravongsa v. Wall, 349 F.3d 1, 8 (1st Cir.2003).

This court recognizes that the failure to exhaust administrative remedies is an affirmative defense that "must be raised and proved by the defense." Cruz-Berrios v. Gonzalez-Rosario, 630 F.3d 7, 11 (1st Cir.2010) (citing Jones v. Bock, 549 U.S. 199, 216 (2007)); Rodriguez-Melendez v. Fortuno-Burset, No. 10-2044, 2011 WL 3442471, at * 3 (D.P.R. Aug. 8, 2011). Nevertheless, our sister court of the District of Massachusetts "has held that when a prisoner states in his pleadings that he has not exhausted his administrative remedies, a dismissal *sua sponte* for failure to exhaust is appropriate." Cullinan v. Mental Health Management Correctional Services, Inc., No. 11-10593-JLT, 2012 WL 2178927, at *3 (D.Mass. June 11, 2012) (citations omitted). See also United States v. Del Toro-Alejandre, 489 F.3d 721, 723 (5th Cir.2007) ("[T]he usual PLRA practice would permit a district court to dismiss *sua sponte* a prisoner's complaint for failure to exhaust in the rare instance where the prisoner's failure to exhaust appeared on the face of [her] complaint."). This court agrees with said approach.

The same rationale is applicable here where Colon appears to have only taken the initial steps towards exhaustion by only filing a grievance and a request for reconsideration, as per his own allegations. As an inmate within the meaning of the statute, Colon was bound to follow the exhaustion of remedies procedures set forth by the PRDOC before filing this complaint. As such, the Plaintiff may not proceed with the above-captioned claim until such time as he exhausts administrative remedies.

## II. CONCLUSION

For the reasons stated above, the Plaintiff's claims against all defendants for violations to his constitutional rights are hereby **DISMISSED WITHOUT PREJUDICE.** Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, June 10, 2015.

S/ JUAN M. PEREZ-GIMENEZ
JUAN M. PEREZ-GIMENEZ
U.S. DISTRICT JUDGE